J-S68021-17 & J-S68022-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: M.L., MOTHER | : | No. 909 MDA 2017 |

Appeal from the Order Entered May 10, 2017
in the Court of Common Pleas of York County,
Juvenile Division, at No(s): CP-67-CR-0000165-2014

| | | |
|---|---|---|
| IN THE INTEREST OF: A.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: M.L., MOTHER | : | No. 910 MDA 2017 |

Appeal from the Order Entered May 10, 2017
in the Court of Common Pleas of York County,
Juvenile Division, at No(s): CP-67-CR-0000166-2014

| | | |
|---|---|---|
| IN THE INTEREST OF: A.D..L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: M.L., MOTHER | : | No. 919 MDA 2016 |

Appeal from the Decree May 9, 2017
in the Court of Common Pleas of York County,
Orphans' Court, at No(s): 2016-0177

| | | |
|---|---|---|
| IN THE INTEREST OF: M.L., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: M.L., MOTHER | : | No. 920 MDA 2017 |

Appeal from the Decree May 9, 2017
in the Court of Common Pleas of York County,
Orphans' Court, at No(s): 2016-0178

BEFORE:     LAZARUS, DUBOW, and STRASSBURGER,* JJ.


*Retired Senior Judge assigned to the Superior Court.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED DECEMBER 20, 2017**

Mother has done all that she was told to do. Indeed, the Majority acknowledges that the evidence at the hearing was that "Mother is employed, has housing, maintains contact with the Children consistently, and is taking her mental health medication." Majority Memorandum at 8. Yet, the Majority affirms the termination of Mother's parental rights not based upon any existing deficiency in Mother's ability to parent, but because the CYF caseworker "expressed concern that Mother will become overwhelmed if the Children are returned to her care again." *Id.*

"[T]he right to make decisions concerning the care, custody, and control of one's children is one of the oldest fundamental rights" protected by our Constitution, and "termination of parental rights is the most extreme infringement" upon those rights." *In re D.C.D.*, 105 A.3d 662, 676 (Pa. 2014) (citation and internal quotation marks omitted). Accordingly, I would hold that the trial court abused its discretion in entering the termination decrees based upon mere fears that Mother might not continue to do as well upon the return of the Children to her care.

Therefore, I respectfully dissent.